P. B. SEALE, Appellant,

v.

ROY M. MITCHELL CONTRACTING CO.,
Inc., Appellee.

No. 10619.

Court of Civil Appeals of Texas.

Austin.

Feb. 18, 1959.

Rehearing Denied March 4, 1959.

Joe H. Tonahill, John H. Seale, Jasper, for appellant.

Dudley Davis, Center, for appellee.

HUGHES, Justice.

Appellant P. B. Seale was the plaintiff below and appellee Roy M. Mitchell Contracting Co., Inc. was the defendant.

The Trial Court sustained a plea in abatement filed by appellee on the ground that the matters in dispute had not been submitted to arbitration and thereupon dismissed appellant's suit.

The record shows that appellee had contracted in writing with the City of Tenaha, Texas, for the construction of sanitary sewers and a sewage treatment plant. This contract contained provisions for arbitrating disputes between the City and appellee and a decision of the arbiters was a condition precedent to "any right of legal action."

Appellee sublet a portion of the work called for under this contract to appellant and entered into a written agreement with him the pertinent provisions of which are:

"Whereas the party of the first part was awarded a contract for a complete sewer system for the Town of Tenaha, Texas, on the 28th day of July, 1951, which included certain items of work for the disposal plant of which the said P. B. Seale, party of the second part, agrees to sublet from the party of the first part under the conditions named below:

"The party of the second part agrees to furnish all labor, materials and equipment, necessary to complete this part of the work according to the plans and specifications of the City Engineer for the Town of Tenaha, Texas, with the exception of: (exceptions omitted).

"The said P. B. Seale will comply with all terms and conditions *pertaining to his part of the work* as contained in the contract between the party of the first part and the City of Tenaha, Texas, as attached to the plans and specifications and made a part of the contract of which is herein included in this agreement.

"The items to be sublet to the said Seale are as follows: (here follows a description of such items).

"The party of the first part agrees to pay the said Seale as payment for his work on or before the fifth ·and twentieth of each month, the sum allowed by the engineer on this contract less the (10) per cent retainage until this part of the contract is accepted by the engineer. Upon acceptance of this work, the party of the first part agrees to pay on or by the fifth and twentieth of the following month the balance of the ten (10) per cent retainage, plus any adjustments on this contract.

"The said P. B. Seale is to furnish to said Mitchell a surety bond in the full amount of this contract price as a guarantee that he will complete this contract according to terms and specifications of this contract and the contract between the City of Tenaha and the party of the first part, *pertaining to this part of the work."* (Italics ours.)

Appellee's contention is that by this contract appellant has adopted the provisions of the principal contract calling for the arbitration of disputes. We cannot accept this construction of the subcontract.

The general rule is stated in 7 Tex. Jur. p. 641, as follows:

"A subcontractor is bound by provisions of the principal contract where, by express reference, they are made a part of the subcontract,—as by provisions that the work shall be done under the supervision and according to the direction of the owner's architect or engineer,—and he is bound by the specifications in the original contract where he agrees to do the work in accordance therewith. But provisions in the original contract for arbitration of disputes between the principal contractor and the owner are not binding on the subcontractor, where the subcontract does not so provide; * * *"

and in 17 C.J.S. Contracts § 497, p. 1015, as follows:

"Any matter of dispute which fairly falls within the terms of the provision for determination of disputes by architects, engineers, or arbitrators may be submitted and passed on by them. Such provisions, however, are in derogation of the common-law right of trial by jury, and will not be extended beyond the terms of the contract, or apply to disputes as to matters or work not covered thereby, unless the restrictions of the contract are waived; and the law will compel parties to resort to such a means of settling their disputes only when the terms of their contract are clear and certain in showing that they had such an intention."

In Jones v. Gilchrist, Tex.Civ.App., 27 S.W. 890, reversed 88 Tex. 88, 30 S.W. 442, the primary contract between the G. C. & S. F. Ry. Co. and a contractor provided for arbitration of disputes and the subcontract provided that the work called for by it should be "according to the specifications" of the railroad company "and to the satisfaction and acceptance of the chief engineer of the said company." The subcontract was held not to be subject

to the arbitration features of the main contract. This holding was expressly approved by the Supreme Court.

■ The subcontract between the parties here did not contain any specific reference to the arbitration provisions of the principal contract and in each of the instances, copied above, where reference was made in the subcontract to compliance with the terms, conditions and specifications of the main contract such reference is qualified by the phrase "pertaining to his [this] part of the work."

The arbitration provisions of the main contract have no pertinency to the work appellant contracted to perform. They are general in nature and are such as might be found in a variety of contracts. It seems to us that the only terms and provisions of the main contract incorporated in the subcontract by its terms were those provisions which relate to the performance of the work appellant contracted to do. The arbitration provisions do not fit this classification.

It is our opinion that there has been no clear incorporation of the arbitration provisions of the principal contract into the subcontract between appellant and appellee and that under the above authorities we should not by forced or strained construction of such subcontract compel the parties to forgo their privilege of resorting to the courts to settle this controversy.

In view of this conclusion we do not pass upon the contention of appellant that in addition to declaring on the subcontract he has sued on oral agreements between himself and appellee. We will say, however, that we have examined the pleadings of appellant in this regard and that if oral agreements are intended to be alleged that this should be done with more clarity and particularity.

The judgment of the Trial Court is reversed and this cause is remanded.

Reversed and remanded.