United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50982
Summary Calendar

_____

CERVECERIA CUAUHTEMOC MOCTEZUMA S.A. de
C.V.; LABATT USA, LLC,

Plaintiffs-Appellees,

versus

MONTANA BEVERAGE COMPANY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas

--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellees, Cerveceria Cuauhtemoc Moctezuma S.A. de C.V. and Labatt USA, LLC (collectively, "Cerveceria") sued Defendant-Appellant Montana Beverage Company ("Montana") in district court to collect more than $800,000 alleged to be delinquent on its account for merchandise. Cerveceria also sought cancellation of Montana's distributorship for Cerveceria's products and attorneys' fees. Montana responded by filing a motion to stay proceedings and compel arbitration under the provisions of § 102.77(b) of the Texas Beer Industry Fair Dealing Law ("BIFDL"),

Tex. Alco. Bev. Code Ann. § 102.71-81 (Vernon, 1995), which law was incorporated by reference in the parties' distributorship agreement. The district court refused to stay the proceedings and compel arbitration after finding no clear agreement to arbitrate, and Montana appealed. We dismiss Montana's appeal for lack of appellate jurisdiction.

## I. Facts and Proceedings

Montana appealed the district court's denial of a stay and refusal to compel arbitration, asserting that § 16(a)(1)(A) or (B) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(A) or (B), allows an interlocutory appeal from a refusal to stay an action pursuant to §§ 3 and 4 of the FAA. These provisions require a stay when the trial court is satisfied that the issue involved in the litigation is referable to arbitration under a clear agreement to arbitrate. As Montana concedes in its appellate brief, however, "[i]f there is no agreement [to arbitrate], then there is no appellate jurisdiction."

Cerveceria responded to Montana's notice of appeal by filing a motion to dismiss for lack of appellate jurisdiction. Cerveceria contended that provisions of §§ 3, 4, and 16(a)(1)(A) and (B) of the FAA do not confer interlocutory appellate jurisdiction from an order refusing to compel arbitration when, as here, the district court holds that there is no binding agreement to arbitrate. Cerveceria's motion was carried with this appeal. For the

2

following reasons, we conclude that we lack appellate jurisdiction and therefore dismiss Montana's appeal.

## II. Analysis

Federal jurisdiction of this case is grounded in diversity citizenship, which none contests. This appeal is from the district court's interlocutory order refusing to compel arbitration because, the court ruled, there is no agreement between the parties to arbitrate. As a generality, non-final, interlocutory orders are appealable under only a limited number of circumstances, none of which is present here. Thus, only if Montana is correct in asserting the special appellate jurisdiction conferred by §§ 3, 4, and 16(a)(1)(A) or (B) of the FAA can we entertain appellate review of the subject order.

In support of its assertion that we have such jurisdiction, Montana relies on the BIFDL, because the instant case arises from or is connected with the beer distribution agreement between the parties, which incorporates the BIFDL by reference. Pointing to the cancellation provisions of the BIFDL, Montana notes that § 102.77(b) states that issues of good cause for cancellation of a distributorship and the amount of reasonable compensation for a canceled distributorship "may, at the option of either the distributor or the manufacturer, be submitted to three arbitrators...." Thus, reasons Montana, the public policy favoring arbitration, in combination with the incorporation of the BIFDL by reference into the distributorship agreement between Montana and

3

Cerveceria, makes the latter an agreement to arbitrate and, in turn, makes the refusal by the district court to compel arbitration immediately appealable under §§ 3 and 4 of the FAA. This argument unavoidably intertwines the interpretation of the subject provision of the BIFDL and the interlocutory appeal provisions of the FAA. Consequently, even though lack of appellate jurisdiction for this interlocutory appeal would prevent our addressing the issue of arbitrability, we must do so, at least to a degree, to rule on our own appellate jurisdiction. This was recognized implicitly in our earlier order carrying with the case Cerveceria's motion to dismiss for lack of appellate jurisdiction, and comports with the universally recognized truism that we have jurisdiction to determine our own jurisdiction.

The order from which Montana appeals — refusal to compel arbitration — is undeniably interlocutory as, inter alia, it leaves the parties as litigants before the court and thus does not totally dispose of their present dispute. As such, nothing in 28 U.S.C. §§ 1291 or 1292 permits an interlocutory appeal; neither is there appellate certification by the district court under either § 1292 or Federal Rule of Civil Procedure 54(b). Nor do any jurisprudential exceptions to the rule forbidding interlocutory appeals, such as the collateral order doctrine, apply here. This leaves only the pertinent provisions of the FAA as potential sources of appellate jurisdiction. And, as noted, even though § 16(a)(1)(A) of the FAA permits interlocutory appeals from orders

4

refusing to stay litigation pursuant to §§ 3 or 4, a stay of judicial proceedings is required only when the trial court's refusal to compel arbitration results from the court's determination that there is a clear agreement to arbitrate. Here, the court found that no such agreement exists, thereby pretermitting an interlocutory appeal.

Montana does not assert that the distributorship agreement with Cerveceria actually contains an express arbitration agreement. Rather, as noted, Montana contends that the distributorship agreement's incorporation by reference of the entire BIFDL, and thus its arbitration provision, § 102.77(b), is the equivalent of a clear expression of intent by the parties to resolve all disputes by arbitration. Thus, for us to find that we have jurisdiction under the FAA to hear Montana's interlocutory appeal of the district court's refusal to compel arbitration, the district court would have had to conclude that the contract's incorporation by reference of the BIFDL constituted the distributorship agreement a clear agreement to arbitrate. As the district court held precisely the opposite, i.e., no agreement to arbitrate, its refusal to compel arbitration is an unappealable interlocutory decree.

Montana's effort to trivialize the wording of § 102.77(b) of the BIFDL by referring to "may" as rendering the statute "a little bit ambiguous" does not change the facial certainty of the statute: In addition to its use of the permissive "may," the statute adds "at the <u>option</u> of either the distributor or the manufacturer,"

falling well short of a mark of demonstrating that the parties clearly and unambiguously intended to submit any and every dispute to arbitration. This is accentuated by the observation that even such permissive arbitration is applicable to only two narrow issues: (1) existence of good cause for contract cancellation, and (2) valuation of the terminated distributorship.

This litigation is, first and foremost, a suit on an open account, which cannot be shoehorned under either of the two discrete issues to which § 102.77(b) is appealable, despite the additional inclusion of distributorship termination in the relief sought. Absent express incorporation of binding arbitration (as distinguished from the instant global incorporation of a comprehensive regulatory act in which a narrowly limited, permissive, i.e., non-mandatory, arbitration provision is found), the agreement's incorporation of arbitration by reference lacks certainty and universality. See, e.g., Phillips v. ACS Municipal Brokers, Inc., 888 S.W. 2d 872, 875 (Tx.App.-Dallas 1994 no writ); Seal v. Roy and Mitchell Contracting Co., Inc., 321 S.W. 2d 149, 151 (Tx.Civ.App.-Austin 1959 writ ref'd). Furthermore, when the subject agreement is read as a whole, as it must be, it is seen to contain references to other methods of dispute resolution, including mediation and litigation.

We are satisfied, as was the district court, that there is no binding agreement to arbitrate all disputes arising from or connected with the contract between the parties. Absent a clear,

unequivocal and unconditional agreement to arbitrate, as held by the district court, Montana is not entitled to a stay of the proceedings. And, absent such entitlement to a stay, § 3(d) of the FAA is ineffective to confer appellate jurisdiction for us to review the district court's order refusing to stay litigation and compel arbitration. In the absence of another provision or holding that would confer appellate jurisdiction, we are constrained to dismiss Montana's appeal for lack of jurisdiction.

## III. Conclusion

Inasmuch as the district court's ruling is grounded in its holding that, in their agreement, the parties did not clearly and unequivocally demonstrate an intention to submit their disputes to binding arbitration, the district court's order refusing to grant a stay of proceedings and compel arbitration is a non-appealable interlocutory order. We thus have no appellate jurisdiction at this stage of this case and must dismiss the instant appeal. DISMISSED for lack of jurisdiction.