United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## For the Fifth Circuit

m 06-30372

OMNI HOTELS MANAGEMENT CORPORATION,

Plaintiff-Appellee,

VERSUS

PHILIP BAYER; KIM W. BAYER; JOHN PATRICK BLANCANEAUX;
WILLIAM H. COURET, III; VANESSA HARVEY; TAMARA LANG; HAYWOOD BUSH;
BERNARD AINSWORTH; ARCEAL BUTLER, SR.; ROBERT R. DABNEY;
CYNTHIA M. DANIELS; ANDREW P. DAVIS; DIANA P. DAVIS; BOBBY HARDY;
ALIDA JOHNSON; SHEDRICK JOURNEE; MARSHALL POWELL;
SCHFREDA PATRICE THOMAS; EVERT WILLIAMS; CLEOPHUS BENSON, JR.;
PRISCILLA CEASAR; JOYCE ROBAIR; BENNIE SCOTT,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:05-CV-1883

Before GARWOOD, SMITH, and DEMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Present and past employees of the Omni Hotels Management Corporation ("OHMC") brought a state court class action against OHMC and several of its subsidiaries, seeking damages for exposure to toxic mold at the Omni Royal Crescent Hotel. OHMC filed this declaratory judgment action seeking to enforce an arbitration agreement binding its employees. The district court ruled that the arbitration agreement was binding, so it compelled arbitration and enjoined the defendants from maintaining a state court action. We affirm.

I.

Effective May 2003, OHMC adopted a written, mandatory arbitration agreement, for all employees nationwide, under which all employment-related claims are to be resolved through mandatory arbitration. The agreement explicitly covers "personal injury and employment-related tort claims (including claims for negligence, gross negligence, and intentional harm)." Employees were provided a copy of the agreement stating both that continued employment was predicated on their agreement to arbitrate and that continued employment provided consideration for the agreement. Employees were also given a receipt that they were requested to sign as proof of notice. Several employees refused to sign, in some cases writing "refused" on the receipt.

In November 2003, employees and former employees of OHMC (collectively "state court plaintiffs") brought a class action in Louisiana state court alleging damages from exposure to toxic mold. The complaint listed as defendants OHMC, 535 Gravier, L.L.C. (the management company), Decatur, Omni Royal Crescent Corporation, William Sherrer, and Gerard Vitrano. Of the defendants, only OHMC had complete diversity from the state plaintiffs. OHMC and its subsidiaries filed a dilatory exception of prematurity, claiming that some of the employees were bound by arbitration agreements. Although there was considerable discovery in state court, the issue of the arbitrability of the claims was not resolved.

In May 2005, OHMC brought a declaratory judgment action against the state court plaintiffs, seeking to enforce arbitration against any employees who were subject to the agreement, and to enjoin any state court plaintiff from seeking to represent employees who were subject to the agreement. The district court granted OHMC a declaratory judgment that the agreements were enforceable, compelled those employees who were employed by OHMC after May 2003 to arbitrate their claims, and granted a preliminary injunction "(1) barring these employee defendants from participating in the state suit against [OHMC], and (2) barring all defendants from acting as class representatives in the state suit for a class including such persons." The state court plaintiffs appeal that order.

II.

OMHC claims we have no appellate jurisdiction, but we disagree. To begin with, we have jurisdiction to determine our own jurisdiction. *Cerveceria Cuauhtemoc Moctezuma S.A. de C.V. v. Mont. Beverage Co.*, 330 F.3d 284, 286 (5th Cir. 2003). Beyond that, under the express appellate jurisdiction provisions of the Federal Arbitration Act ("FAA"),

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

except as otherwise provided in 28 U.S.C. § 1292, an appeal may not be taken from an interlocutory orderSS (1) granting a stay of any action under section 3 of this title; (2) directing arbitration to proceed under section 4 of this title; (3) compelling arbitration under section 206 of this title;

9 U.S.C. § 16(b). The FAA's appellate provisions reflect the Congressional preference for arbitration as a way of resolving disputes "by authorizing immediate appeals from orders disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration." *Apache Bohai Corp. v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003). If the original state lawsuit had been filed in federal court, and the district court had stayed the proceedings while compelling arbitration, we would lack jurisdiction over the appeal. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163 (5th Cir. 2004); *Apache Bohai*, 330 F.3d at 309-10.

Here, however, the order compelling arbitration was obtained in an independent federal proceeding and was coupled with an injunction barring several of the state court plaintiffs from proceeding with their state suit. We examined appellate jurisdiction in this procedural posture in *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384.

There, plaintiffs brought a fiduciary duty suit in state court against Smith Barney and a non-diverse investment representative. Smith Barney removed to federal court, although the case was remanded for improper removal procedure. Smith Barney then filed a separate federal action seeking to stay all state court proceedings, and to compel arbitration of all claims. The district court ruled for Smith Barney, staying the state court action and compelling arbitration. The Browns sought immediate appeal.

We observed that when "the district court granted the sole remedy sought by the plaintiff in the Federal ActionsSSan order compelling arbitration," that order was not interlocutory, but rather final. *Id.* at 391. Because there was "nothing left for the court to do but execute the judgment . . . the order compelling arbitration in the Federal Actions ended the litigation in federal court on the merits and was a final appealable decision under 9 U.S.C. § 16-(a)(3)." *Id.* Turning to the federal injunction, we strictly interpreted § 16(b) only to deprive this court of jurisdiction over appeals from stays granted under 9 U.S.C. § 3, which, "by its terms, does not authorize a federal court to enjoin state proceedings. . . . Such a stay could not be properly issued pursuant to section 3." *Id.* at 392. The district court's order in *Brown* was immediately appealable in full. *Brown*, 462 F.3d at 393.

OHMC's declaratory judgment action requested that the district court compel arbitration and issue an injunction barring certain state court plaintiffs from participation in the state class action. When the court compelled arbitration, OHMC received all the relief it sought in the district court, so, under *Brown*, that order was a final appealable order under 9 U.S.C. § 16(a). The injunction against Bayer affecting the state court action could not have been issued under § 3, and thus it is appealable under 28 U.S.C. § 1292(a), which authorizes appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." It follows that this court has jurisdiction over the state court plaintiffs' appeal.

## III.

On the remaining issues, after considering the written and oral arguments of the parties

3

and the pertinent portions of the record compiled for this appeal, we affirm the judgment, essentially for the reasons assigned in the district court's Order and Reasons: The threat of piecemeal and inconsistent litigation does not make those state court defendants who are not diverse to the state court plaintiffs indispensable parties under Federal Rule of Civil Procedure 19. *See Brown*, 462 F.3d at 393; *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261 (5th Cir. 1994); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19-21 (1983). Abstention is inappropriate in the arbitration setting where a balancing of the *Colorado River* factors does not weigh very heavily against the exercise of jurisdiction. *See Brown*, 462 F.3d at 396; *Moses H. Cone*, 460 U.S. at 25-26. Control of discovery is committed to the sound discretion of the trial court, and it did not err by ruling on the motion to compel arbitration without deferring for further discovery, particularly given the Federal Arbitration Act's requirement of "an expeditious and summary hearing, with only restricted inquiry into factual issues." *Id.* at 22. The district court was correct that the employees were bound by the agreement under Louisiana law even if they refused to sign it, and the state court plaintiffs have failed to demonstrate the requisite knowledge on the part of OHMC to establish error or fraud that could vitiate consent.

The order appealed from is AFFIRMED.