**Petition for Writ of Mandamus Denied and Opinion filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00418-CV

## IN RE COMERICA BANK, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-55739**

## MEMORANDUM OPINION

On or about July 19, 2000, Jimmie R. Gaidry opened an account with Sterling Bank that in 2011 was merged into the relator Comerica Bank (Comerica). In 2015, the real party-in-interest James Gaidry filed suit, individually and on behalf of the estate of his now deceased mother, Jimme Gaidry, against Comerica

alleging that it negligently failed to prevent withdrawals from Jimmie Gaidry's bank account.

On May 20, 2016, Comerica filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Comerica asks this court to compel the Honorable Patricia J. Kerrigan, presiding judge of the 190th District Court of Harris County, to vacate the Order she signed on May 3, 2016 that compels: (1) Comerica to withdraw its application to arbitrate the claim against it with the Judicial Arbitration and Mediation Services, Inc. (JAMS), and (2) Comerica to arbitrate the claim against it with the Financial Industry Regulatory Authority (FINRA) in a pending arbitration matter between James Gaidry and TD Ameritrade. Comerica argues that both parts of the Order constitute an abuse of discretion.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co*., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## ANALYSIS

### A. Comerica has not shown that the trial court abused its discretion by ordering it to withdraw its application to arbitrate with JAMS.

First, Comerica argues that the trial court abused its discretion by ordering Comerica to withdraw its application to arbitrate the claim against it with JAMS because Jimmie and James Gaidry allegedly agreed to a "Business and Personal

Deposit Account Contract" (the Contract), which states that it is effective on March 1, 2013. The Contract requires the parties to arbitrate their disputes with either JAMS or AAA. The arbitration provision in the Contract constitutes an amendment because it does appear that any of the bank's prior contracts with depositors had an arbitration provision. James Gaidry argues that neither he nor Jimmie agreed to this amendment.

Parties may modify an agreement, but the new or modifying agreement must possess the essential elements of a contract. *Mandril v. Kasishke*, 620 S.W.2d 238, 244 (Tex. Civ. App.—Amarillo 1981, writ ref'd n.r.e.). In particular, there must be a meeting of the minds of the parties, and the terms of the original contract cannot be unilaterally remade by one of the parties. *Id.* A party relying on a modification has the burden proving that it was agreed to. *Stowers v. Harper,* 376 S.W.2d 34, 39 (Tex. Civ. App.—Tyler 1964, writ. ref'd n.r.e.).

Section 34.302(a) of the Texas Finance Code provides that a bank and an account holder may amend the deposit contract "by agreement or as permitted by Subsection (b) or other law." Tex. Fin. Code Ann. § 34.302(a) (West 2013). Section 34.302(b) allows a bank to amend a deposit contract by mailing a written notice of the amendment, including the text of the amendment and the effective date, to the account holder. *Id*. § 34.302(b). These notice requirements must be complied with for the amendment to be effective. *See Calleja-Ahedo v. Compass Bank*, 01-15-00210-CV, 2016 WL 2342758, at *6 (Tex. App.—Houston [1st Dist.] May 3, 2016, no. pet. h.).

3

We conclude that Comerica has not established that the trial court clearly abused its discretion by ordering Comerica to withdraw its application to arbitrate the claim against it with JAMS because the record contains no evidence that Comerica mailed written notice of the amended Contract and its text to the Gaidrys or that the Gaidrys by some other means agreed to the amended Contract with the arbitration provision.

### B. Comerica has not shown that it lacks an adequate remedy by appeal for the trial court's alleged error in compelling it to arbitrate with FINRA.

Second, Comerica argues that the trial court abused its discretion by ordering Comerica to arbitrate the claim against it in a pending arbitration matter between James Gaidry and TD Ameritrade with FINRA because Comerica is not a party to the arbitration agreement between the Gaidrys and TD Ameritrade that requires arbitration with FIRA, and such arbitration agreement is not enforceable against it under the doctrine of direct-benefits estoppel. Regardless of the merits of these arguments, Comerica is not entitled to mandamus relief because it has not shown that it lacks an adequate remedy by appeal for the trial court's alleged error of compelling it to arbitrate with FINRA. *See In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842–43 (Tex. 2009) (orig. proceeding).

Comerica cites *Austin Commercial Contractors, L.P. v. Carter & Burgess, Inc.*, 347 S.W.3d 897, 901 (Tex. App.—Dallas 2011, pet. denied) as support for its argument that it lacks an adequate remedy by appeal. That decision does not apply

4

because the record contains no evidence that the trial court denied relator any contracted-for arbitration right, as the record did in *Austin Commercial Contractors, L.P*. As discussed above, Comerica failed to prove that the amended Contract that provides for arbitration with JAMS was agreed to by the Gaidrys.

## CONCLUSION

Accordingly, we deny Comerica's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.

5