

# NUMBER 13-21-00436-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROGELIO QUINTERO AND CYNTHIA QUINTERO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria[1]**

On December 8, 2021, relators Rogelio Quintero and Cynthia Quintero filed a petition for writ of mandamus through which they allege that "[t]he trial court abused its discretion in enforcing an arbitration clause in a contract that violates the Texas

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Constitution and ordering the [relators'] related claims to arbitration while related claims must be tried in court." In the underlying proceedings, by two orders issued on November 2, 2021, the trial court granted real party in interest Big Star Builder Inc.'s amended motion to compel arbitration and abated the case pending arbitration.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 840. A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

In the context of orders compelling arbitration, even if a petitioner can show that the trial court clearly abused its discretion, "mandamus is generally unavailable" because

2

a petitioner can "rarely" show that it lacks an adequate remedy by appeal. *In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding); *see In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding) (per curiam); *In re Ron*, 582 S.W.3d 486, 491 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding [mand. denied]); *Austin Com. Contractors, L.P. v. Carter & Burgess, Inc.*, 347 S.W.3d 897, 901 (Tex. App.—Dallas 2011, pet. denied); *see also In re Bu*, No. 13-18-00204-CV, 2018 WL 2949152, at *1–2 (Tex. App.—Corpus Christi–Edinburg June 12, 2018, orig. proceeding [mand. denied]) (mem. op.). "If a trial court compels arbitration when the parties have not agreed to it, that error can unquestionably be reviewed by final appeal." *In re Gulf Expl., LLC*, 289 S.W.3d at 842.

The supreme court explained that the adequacy of an appellate remedy "depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding," however, because both the federal and state arbitration acts "pointedly exclude" immediate appellate review of orders compelling arbitration, "any balancing must tilt strongly against mandamus review." *In re Gulf Expl., LLC*, 289 S.W.3d at 842. "The 'adequacy' of an appeal may be a closer question when the legislature has weighed in on both sides of the balance." *Id.*; *see, e.g., In re Poly–America, L.P.*, 262 S.W.3d 337, 352 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real parties in interest Big Star Builders, Inc. and Equisolar, Inc., and the applicable law, is of the opinion that relators have not met their burden to obtain relief. *See In re Gulf Expl., LLC*, 289 S.W.3d at 842; *see, e.g., CVN Grp., Inc. v. Delgado*,

3

95 S.W.3d 234, 239 (Tex. 2002) (allowing an arbitrator to determine the validity of liens pertaining to a homestead). Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
27th day of January, 2022.

4