**In re GULF EXPLORATION, LLC, et al., Relators.**

No. 07–0055.

Supreme Court of Texas.

Argued Jan. 17, 2008.

Decided April 17, 2009.

James M. Chaney, Kirk & Chaney, Oklahoma, OK, Michael T. Morgan, Bullock Scott Neisig Morgan Leeton & Strauss, Midland, for Relator.

Brad Miller, Kerr Ward McLaughlin & Miller LLP, Richard E. Booth, Lynch Chappell & Alsup, P.C., Midland, for Real Parties in Interest.

Robert B. Gilbreath, Hawkins, Parnell & Thackston, LLP, Michael L. Dinnin, Bracewell & Giuliani LLP, Dallas, for Amici Curiae.

Justice BRISTER delivered the opinion of the Court.

In *In re Palacios,* we held that mandamus relief was generally unavailable for orders compelling arbitration.[1] But we stopped short of saying it was never available, and noted the Fifth Circuit's suggestion (which was not actually applied) in *Apache Bohai Corp. v. Texaco China* that mandamus review might be available if an applicant could show "clearly and indisputably that the district court did not have the discretion to stay the proceedings pending arbitration."[2]

As with any "narrow" provision for appellate review, numerous disappointed litigants have claimed the *Apache Bohai* "exception" applies to them.[3] But reviewing all arbitration orders to see if they comply with an exception "would inevitably frustrate Congress's intent to move the parties . . . out of court and into arbitration as quickly and easily as possible."[4] We

1.   221 S.W.3d 564, 565 (Tex.2006).

2.   *Id.* (quoting *Apache Bohai Corp., LDC v. Texaco China, B.V.,* 330 F.3d 307, 310–11 (5th Cir.2003)).

3.   *See, e.g., In re Han Nara Enters., L.P.,* No. 11–08–00147–CV, 2008 WL 2933522 (Tex. App.-Eastland July 31, 2008, orig. proceeding [mand. denied] ); *In re Cannon,* No. 05–07–00955–CV, 2007 WL 2447264 (Tex.App.-Dallas Aug. 30, 2007, orig. proceeding) (mem. op.) (denying relief); *In re Wolff,* 231 S.W.3d 466 (Tex.App.-Dallas 2007, orig. proceeding) (applying exception and requiring de novo review of arbitration order); *In re AmeriCredit Fin. Servs., Inc.,* No. 05–07–00241–CV, 2007 WL 2005020 (Tex.App.-Dallas July 12, 2007, orig. proceeding [mand. denied] ) (mem. op.) (denying relief); *In re ETBS, Inc.,* No. 05–07–00562–CV, 2007 WL 1978323 (Tex.App.-Dallas July 10, 2007, orig. proceeding) (mem. op.) (denying relief); *In re Cutler–Gallaway Servs., Inc.,* No. 04–07–00216–CV, 2007 WL 1481999 (Tex.App.-San Antonio May 23, 2007, orig. proceeding) (mem. op.) (denying relief); *Glenn J. Deadman, P.C. v. SBC,* No.

04–06–00646–CV, 2007 WL 1200108 (Tex. App.-San Antonio Apr. 25, 2007, orig. proceeding) (mem. op.) (denying relief); *In re Premont Indep. Sch. Dist.,* 225 S.W.3d 329 (Tex.App.-San Antonio 2007, orig. proceeding [mand. denied] ) (applying exception and reversing arbitration order); *In re Ivins,* No. 09–06–249–CV, 2006 WL 2075192 (Tex.App.-Beaumont July 27, 2006, orig. proceeding) (mem. op.) (denying relief); *In re Emmons,* No. 14–06–01063–CV, 2006 WL 4114314 (Tex.App.-Houston [14th Dist.] Mar. 13, 2006, orig. proceeding) (mem. op.) (denying relief).

4.   *Perry Homes v. Cull,* 258 S.W.3d 580, 587 (Tex.2008) (quoting *Preston v. Ferrer,* 552 U.S. 346, ——, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008)); *see also Lloyd v. HOVENSA, LLC,* 369 F.3d 263, 270 (3d Cir.2004) (holding that purpose of stay pending arbitration "is twofold: it relieves the party entitled to arbitrate of the burden of continuing to litigate the issue while the arbitration process is on-going, and it entitles that party to proceed immediately to arbitration without the delay that would be occasioned by an appeal of the District Court's order to arbitrate").

granted oral argument to address more specifically when mandamus relief is available in connection with orders compelling arbitration. Finding it is unavailable here, we conditionally grant the writ.

## I. Background

In this oil and gas suit, several working interest owners sued their operator, Great Western Drilling, when it drilled two successful wells for its own account nearby. They claim an opportunity to participate in those wells because Great Western had said it would protect their interests and had used confidential data they paid for.

The parties' joint operating agreements contain the following arbitration clause:

Any dispute, controversy or claim arising out of or relating to this Agreement or the breach or validity thereof ("Dispute") shall be referred to and finally settled by final and binding arbitration in Houston, Harris County, Texas.... The parties agree to use the Commercial Arbitration Rules of the American Arbitration Association and, to the maximum extent possible, the Federal Arbitration Act....

When the working interest owners demanded arbitration, Great Western filed this suit seeking a declaration that it owed the working interest owners neither arbitration nor anything on the underlying claim. The working interest owners moved to compel arbitration and stay litigation, which the trial court granted.

Great Western sought mandamus relief in the court of appeals. That court recognized mandamus review was generally unavailable after *Palacios*, but found Great Western had satisfied *Apache Bohai* by showing the trial court had "clearly and indisputably" abused its discretion by compelling arbitration, so it conditionally granted mandamus relief.[5] The working interest owners seek relief from that order in this Court.

## II. Dismiss Instead Of Stay?

In *Green Tree Financial Corp. v. Randolph*, the United States Supreme Court observed that the FAA "generally permits immediate appeal of orders hostile to arbitration ... but bars appeal of interlocutory orders favorable to arbitration."[6] Yet the FAA also allows appeal from "a final decision with respect to an arbitration."[7] Construing the two together, the Supreme Court held there can be no immediate appeal of an order compelling arbitration if it *stays* the underlying case, but there can be an appeal if the underlying case is *dismissed*.[8]

This appears to be the majority rule among the states as well. A few states have specific provisions for appealing orders compelling arbitration.[9] But most states (including Texas) have adopted the Uniform Arbitration Act, which like the FAA authorizes immediate appeal only from orders denying arbitration.[10] Nevertheless, a few Uniform Act states review

---

**5.** 211 S.W.3d 828, 835, 843 (citing *In re Palacios*, 221 S.W.3d 564, 565 (Tex.2006) and *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 310–11 (5th Cir.2003)).

**6.** 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

**7.** 9 U.S.C. § 16(a)(3).

**8.** *Green Tree*, 531 U.S. at 86–87, 121 S.Ct. 513.

**9.** *See* Ala. R.App. P. 4(d) (allowing immediate appeal from order granting or denying arbitration); Fla. R.App. P. 9.130(a)(3)(C)(iv) (same); Ohio Rev.Code § 2711.02 (same).

**10.** *See* Unif. Arbitration Act § 28(a) (2000); *Chambers v. O'Quinn*, 242 S.W.3d 30, 31 (Tex. 2007).

all orders compelling arbitration,[11] and a few review none;[12] but most Uniform Act states follow *Green Tree* in allowing review if the order dismisses the case but not if it stays it.[13]

■ We too have adopted this rule: "Courts may review an order compelling arbitration if the order also dismisses the underlying litigation so it is final rather than interlocutory."[14] Thus, the order compelling arbitration in *Childers v. Advanced Foundation Repair* was immediately reviewable because the judgment stated that it was "final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in the entirety."[15] This is consistent with general Texas law that an order is final and

appealable only if "it actually disposes of every pending claim and party or [ ] it clearly and unequivocally states that it finally disposes of all claims and all parties."[16]

At first blush, this rule appears to leave appellate review entirely at the discretion of the trial judge: stay the case and postpone review, or dismiss the case and allow it immediately. But in state courts this discretion is usually limited. Arbitrability is often the only issue in federal court because nondiverse parties may prevent removal of the underlying case from state court;[17] in such cases, even a stay order will be considered final if the federal action is effectively over.[18] But in the state

---

**11.** See *Douglass v. Pflueger Hawaii, Inc.*, 110 Hawai'i 520, 135 P.3d 129, 131 n. 1 (2006); *Salsitz v. Kreiss*, 198 Ill.2d 1, 260 Ill.Dec. 541, 761 N.E.2d 724, 730 (2001); *Sommers v. Sommers*, 898 N.E.2d 1234, 1236 (Ind.Ct.App. 2008); *Harris v. Bridgford*, 153 Md.App. 193, 835 A.2d 253, 257 n. 7 (Md.2003); *Wein v. Morris*, 194 N.J. 364, 944 A.2d 642, 651 (2008); *Okla. Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 160 P.3d 936, 943 (Okla. 2007).

**12.** See *Cardiff Equities, Inc. v.Super. Ct.*, 166 Cal.App.4th 1541, 83 Cal.Rptr.3d 699, 709 (2008); *Creamer v. Bishop*, 902 A.2d 838, 839 (Me.2006); *Braden v. JF Enters., LLC*, 274 S.W.3d 564, 565 (Mo.Ct.App.2008); *Toler's Cove Homeowners Ass'n, Inc. v. Trident Constr. Co.*, 355 S.C. 605, 586 S.E.2d 581, 584 (2003).

**13.** See *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 161 P.3d 1253, 1258 (Ct.App. 2007); *Lane v. Urgitus*, 145 P.3d 672, 682 (Colo.2006); *Dan Wiebold Ford, Inc. v. Universal Computer Consulting Holding, Inc.*, 142 Idaho 235, 127 P.3d 138, 141 (2005); *Am. Gen. Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 547 n. 2 (Ky.2008); *Commonwealth v. Philip Morris Inc.*, 448 Mass. 836, 864 N.E.2d 505, 511 (2007); *Banks v. City Fin. Co.*, 825 So.2d 642, 647–48 (Miss.2002); *State ex rel. Bruning v. R.J. Reynolds Tobacco Co.*, 275 Neb. 310, 746 N.W.2d 672, 678 (2008); *Edward Family Ltd. v. Brown*, 140 N.M. 104, 140

P.3d 525, 529 (Ct.App.2006); *Ass'n of Unit Owners of Bridgeview Condos. v. Dunning*, 187 Or.App. 595, 69 P.3d 788, 801 (2003); *Powell v. Cannon*, 179 P.3d 799, 806–7 (Utah 2008); *Scherer v. Schuler Custom Homes Constr., Inc.*, 98 P.3d 159, 162 (Wyo.2004).

**14.** *Perry Homes v. Cull*, 258 S.W.3d 580, 586 n. 13 (Tex.2008).

**15.** 193 S.W.3d 897, 898 (Tex.2006); *see also Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (holding denial of mandamus challenging arbitration order did not bar appeal of that order after arbitration was completed).

**16.** *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001).

**17.** See, e.g., *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 7 n. 4, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting federal action to compel arbitration excluded nondiverse party who prevented removal of underlying state action); *Omni Hotels Mgmt. Corp. v. Bayer*, 235 Fed.Appx. 208, 210 (5th Cir.2007) (same); *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 390, 394 (5th Cir.2006) (same); *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 248 (5th Cir.2006) (same).

**18.** See *Moses H. Cone*, 460 U.S. at 10, 103 S.Ct. 927 ("'[A]rbitrability was the only substantive issue present in the federal suit.

courts, disputes about arbitrability and the merits must usually proceed in a single court under the rules of dominant jurisdiction.[19]

Accordingly, a stay is generally the only appropriate order for a state court with jurisdiction of all issues. Indeed, the Texas Arbitration Act states that "[a]n order compelling arbitration *must* include a stay" of the underlying litigation.[20] During arbitration, a court order may be needed to replace an arbitrator,[21] compel attendance of witnesses,[22] or direct arbitrators to proceed promptly;[23] after arbitration, a court order is needed to confirm, modify, or vacate the arbitration award.[24] Consequently, dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed.[25]

It is in this context that one must read *Apache Bohai*—not as an all-purpose test for mandamus review, but as a test for reviewing whether the trial court should have dismissed rather than stayed the underlying case.[26] *Palacios* may have created some confusion on this issue, because after quoting *Apache Bohai* it went on to analyze whether the case was arbitrable rather than whether it should have been stayed. Accordingly, we clarify today that this "exception" applies not to the question whether an order compelling arbitration was correct, but to the question whether the case should have been dismissed rather than stayed.

Here, the trial court stayed this case pending arbitration, so there is no final judgment. Great Western does not argue otherwise, or assert that the trial court erred in staying rather than dismissing this case. Accordingly, *Apache Bohai* does not apply.

### III. Mandamus Instead Of Interlocutory Appeal?

■ Even when an order is not reviewable by interlocutory appeal, that does not always preclude review by mandamus.[27] In 1994, we authorized general mandamus review of orders either compelling or denying arbitration under the

---

Hence, a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; . . . [so] this stay order amounts to a dismissal of the suit."); *Omni Hotels*, 235 Fed.Appx. at 211; *Brown*, 462 F.3d at 391; *CitiFinancial Corp. v. Harrison*, 453 F.3d at 249–50.

19. *See Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001) ("As a rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other cases should abate.").

20. Tex. Civ. Prac. & Rem.Code § 171.021(c) (emphasis added).

21. *See* 9 U.S.C. § 5; Tex. Civ. Prac. & Rem.Code § 171.041(b).

22. *See* 9 U.S.C. § 7; Tex. Civ. Prac. & Rem.Code § 171.086(b).

23. *See* Tex. Civ. Prac. & Rem Code § 171.044(c).

24. *See* 9 U.S.C. §§ 9–13; Tex Civ. Prac. & Rem.Code §§ 171.087–.092.

25. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex.2001).

26. *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 310 (5th Cir.2003) ("In the alternative, Apache Bohai seeks a writ of mandamus directing the district court to vacate its order [granting a stay] and enter an appealable final judgment.").

27. *Deloitte & Touche, LLP v. Fourteenth Ct. App.*, 951 S.W.2d 394, 396 (Tex.1997) ("[O]ur mandamus jurisdiction is not dependent on appellate jurisdiction.").

FAA.[28] But in *Palacios* we limited such review to orders denying arbitration, so that federal and state procedures would remain consistent after *Green Tree.*[29] We left open the question whether mandamus review of orders compelling arbitration should be entirely precluded, an issue we now address.[30]

■ To be entitled to mandamus, "a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal."[31] In the context of orders compelling arbitration, even if a petitioner can meet the first requirement, mandamus is generally unavailable because it can rarely meet the second.

■ If a trial court compels arbitration when the parties have not agreed to it, that error can unquestionably be reviewed by final appeal. In *Perry Homes v. Cull,* we rejected the argument that an order compelling arbitration must be reviewed before arbitration, noting that for many years this Court has reviewed such orders after arbitration in the final appeal.[32] Both federal and Texas statutes provide for vacating an arbitration award by final appeal if the arbitrators exceeded their

powers.[33] If appeal is an adequate remedy for an order compelling arbitration, mandamus must be denied.

■ There is no definitive list of when an appeal will be "adequate," as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding.[34] But in balancing these matters, "our place in a government of separated powers requires us to consider also the priorities of the other branches of Texas government."[35] Legislative acts encouraging or discouraging interlocutory review must weigh heavily in the balance of benefits and detriments.[36] Here, as both the federal and state arbitration acts pointedly exclude immediate review of orders compelling arbitration, any balancing must tilt strongly against mandamus review.[37]

■ Of course, if an order compelling arbitration is wrong, the parties may waste time and money in arbitration. But standing alone, delay and expense generally do not render a final appeal inadequate.[38] That is especially true here because arbitration clauses are usually contractual and cover contractual claims. A party that prevails on a contractual claim can recover

---

28. *Freis v. Canales,* 877 S.W.2d 283, 284 (Tex. 1994).

29. *Palacios,* 221 S.W.3d at 565.

30. *Id.*

31. *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 462 (Tex.2008); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992).

32. 258 S.W.3d 580, 586 & n. 9 (Tex.2008).

33. *See* 9 U.S.C. § 10(a)(4); Tex. Civ. Prac. & Rem.Code § 171.088(a)(3)(A).

34. *In re Prudential,* 148 S.W.3d at 136.

35. *In re McAllen Med. Ctr.,* 275 S.W.3d at 461.

36. *Id.; In re Watkins,* 279 S.W.3d 633, 634 (Tex.2009).

37. *See Watkins,* 279 S.W.3d at 634 ("Legislative findings balancing the costs and benefits of interlocutory review must work both ways: having treated them with respect when they encourage interlocutory review, we must treat them with the same respect when they discourage it."); *In re McAllen Med. Ctr.,* 275 S.W.3d at 466–67.

38. *In re Team Rocket, L.P.,* 256 S.W.3d 257, 262 (Tex.2008); *In re Prudential,* 148 S.W.3d at 136; *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992).

its fees and expenses,[39] even if they were incurred in collateral proceedings like arbitration.[40]

The "adequacy" of an appeal may be a closer question when the legislature has weighed in on both sides of the balance. For example, we recently reviewed an order compelling arbitration in *In re Poly–America,* and granted mandamus relief regarding a waiver of statutory remedies, because it threatened to undermine the legislative workers compensation system as a whole.[41] By contrast, we denied mandamus relief as to other provisions because interference with the statute was no more than speculative.[42]

█ The problem in *Poly–America* was that granting mandamus risked frustrating one statutory imperative, while denying it risked frustrating another. In those rare cases when legislative mandates conflict, mandamus "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments."[43] But such conflicts are few, so the balance will generally tilt toward reviewing orders compelling arbitration only on final appeal.

█ We recognize that any rule short of completely barring mandamus review runs the risk of delaying some arbitrations after a trial court has compelled them. Mandamus proceedings take time, even when relief is denied. But our rules allow an appellate court to deny mandamus relief without waiting for a response, and without handing down an opinion.[44] Summary denials do little to assist trial judges or explain matters to the parties, but they are especially appropriate in this context due to the legislative preference for moving cases to arbitration quickly.

In this case, there are no counterbalancing legislative mandates. This arbitration agreement placed no limits on Great Western's constitutional or statutory rights, other than the right to a jury trial that it expressly waived by agreeing to arbitration in the first place. The court of appeals believed this dispute was outside the scope of arbitration because the disputed wells were outside the parties' area of mutual interest, and thus not within the scope of the arbitration clause.[45] But even assuming that is correct (an issue we do not reach), Great Western has not shown that its appellate remedy following arbitration is inadequate. Because it did not, the court of appeals erred in reviewing this order anyway.

For the reasons stated above, we conditionally grant the petition for writ of mandamus. We direct the court of appeals to vacate its judgment and order the trial court to reinstate the order compelling arbitration. We are confident the court of appeals will comply, and our writ will issue only if it does not.

**39.** *See* Tex. Civ. Prac. & Rem.Code § 38.001–.006.

**40.** *See, e.g., Gill Sav. Ass'n v. Chair King, Inc.,* 797 S.W.2d 31, 32 (Tex.1990) (holding reasonable fee in contract action included fees incurred in related bankruptcy proceeding).

**41.** 262 S.W.3d 337, 352 (Tex.2008).

**42.** *Id.* at 357–59.

**43.** *In re Prudential Ins. Co.,* 148 S.W.3d 124, 136 (Tex.2004).

**44.** *See* Tex.R.App. P. 52.4, 52.8.

**45.** 211 S.W.3d at 843.