NUMBER 13-11-00246-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE ISMAEL DIAZ AND RAMONA DIAZ

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Benavides

Memorandum
Opinion Per Curiam [1]

Relators, Ismael Diaz and Ramona
Diaz, filed a petition for writ of mandamus in the above cause on April 15,
2011, seeking to compel the trial court to vacate its order of January 5, 2011,
compelling arbitration, and its order of March 11, 2011, denying
reconsideration and clarification.  The Court requested and received a response
to the petition for writ of mandamus from the real party in interest herein,
and further received a reply thereto from the relators.  As stated herein, we
deny the petition for writ of mandamus.

Mandamus is an “extraordinary” remedy.  In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007)
(orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  To obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator
has no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); see In re McAllen Med.
Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).  A trial
court abuses its discretion if it reaches a decision so arbitrary and unreasonable
as to constitute a clear and prejudicial error of law, or if it clearly fails
to correctly analyze or apply the law.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Whether a
clear abuse of discretion can be adequately remedied by appeal depends on a
careful analysis of the costs and benefits of interlocutory review.  See In
re McAllen Med. Ctr., Inc., 275 S.W.3d at 462.  Sometimes, “[a]n appellate
remedy is ‘adequate’ when any benefits to mandamus review are outweighed by the
detriments.”  In re Prudential Ins. Co. of Am., 148 S.W.3d at 136. 
According to the Texas Supreme Court: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise
prove elusive in appeals from final judgments, and spare private parties and
the public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings. 

 

Id. at 136. 
In 2006, in order to ensure consistency between federal and state procedures,
the Texas Supreme Court held that mandamus was generally not available to
review orders compelling arbitration so that federal and state procedure would
be consistent.  See In re Palacios, 221 S.W.3d 564, 565 (Tex. 2006)
(orig. proceeding).  In 2009, the Texas Supreme Court reaffirmed this
proposition and stated that mandamus is “generally unavailable” to review
orders compelling arbitration because petitioners can “rarely” show that they
lack an adequate remedy by appeal.  In re Gulf Exploration, LLC, 289
S.W.3d 836, 841-42 (Tex. 2009) (orig. proceeding).  The supreme court explained
that generally the adequacy of an appellate remedy “depends on a careful
balance of the case-specific benefits and detriments of delaying or
interrupting a particular proceeding”; however, because both the federal and
state arbitration acts specifically exclude immediate review of orders
compelling arbitration, “any balancing must tilt strongly against mandamus
review.”  Id.  

The Court, having examined and
fully considered the petition for writ of mandamus, the response to the
petition for writ of mandamus, and the reply thereto, is of the opinion that
relators have not shown themselves entitled to the relief sought under the
standard delineated in In re Gulf Exploration.  See id.; Abdel
Hakim Labidi, M.D. v. Sydow, 287 S.W.3d 922, 926 (Tex. App.–Houston [14th
District] 2009, no pet.) (consolidated appeal & orig. proceeding); see
also Circle Zebra Fabricators, Ltd. v. Ams. Welding Corp., Nos. 13-10-00504-CV
& 13-10-00591-CV, 2011 Tex. App. LEXIS 1945, at **13-14 (Tex. App.–Corpus
Christi Mar. 17, 2011, no pet.) (consolidated appeal and orig. proceeding)
(mem. op.).  Accordingly, the petition for writ of mandamus is DENIED.  See Tex. R. App. P. 52.8(a).  

                                                                                                            PER
CURIAM

Delivered and filed the 

13th day of May, 2011.

 









[1] See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).