**Motion Granted, Appeal Dismissed and Memorandum Opinion filed November 15, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00805-CV

_____

### ALBERT ORTIZ, Appellant

### V.

### THE JUNELL LAW FIRM, SANDERS & JUNELL, P.C., MARK JUNELL, Individually, and BERGMAN ADR GROUP, Appellees

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-24922**

---

## MEMORANDUM OPINION

This is an attempted appeal from an order compelling arbitration signed July 27, 2011. Appellant filed a notice of appeal on September 12, 2011. Appellant also filed a motion for extension of time to file his notice of appeal. *See* Tex. R. App. P. 26.3.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order is final and appealable only if it actually disposes of every pending claim and party or it clearly and unequivocally states that it

finally disposes of all claims and parties. *Id.* at 205. Interlocutory orders may be appealed only if permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

In this case, the order that appellant seeks to appeal grants the defendants' motion to compel arbitration. In addition, the order recites that "this action is stayed pending completion of the arbitration proceeding." The Texas Arbitration Act requires an order compelling arbitration to include a stay of the underlying litigation. *See* Tex. Civ. Prac. & Rem. Code § 171.021(c). During arbitration, a court order may be needed to replace an arbitrator, compel attendance of witnesses, or direct arbitrators to proceed promptly; after arbitration, a court order is needed to confirm, modify, or vacate the arbitration award. *In re Gulf Exploration, LLC,* 289 S.W.3d 836, 841 (Tex. 2009). Therefore, the trial court does not dispose of all claims and all parties until after arbitration is completed. *Id.*

When an order compelling arbitration stays the underlying case, there can be no immediate appeal of the order.[1] *See Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 86-87, n.2, 1212 S.Ct. 513, 520 (2000). In Texas, an immediate appeal is available from orders denying arbitration. *Chambers v. O'Quinn,* 242 S.W.3d 30, 31 (Tex. 2007) (per curiam); *see also* Tex. Civ. Prac. & Rem. Code § 51.016. An order compelling arbitration will be immediately reviewable if the judgment states that it is "final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in the entirety." *Childers v. Advanced Foundation Repair,* 193 S.W.3d 897, 898 (Tex. 2006). Here, the trial court's order contains no such finality language and expressly states that the underlying case is stayed.

On October 11, 2011, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response

---

[1] An order compelling arbitration may be reviewed in an appeal from the final judgment. *See Perry Homes v. Cull,* 258 S.W.3d 580, 586 & n.9 (2008).

2

demonstrating grounds for continuing the appeal on or before October 25, 2011. *See* Tex. R. App. P. 42.3(a). Appellant argues that the only relief he sought in the underlying suit was to enjoin the arbitration; therefore, the order compelling arbitration resolved the entire case. He contends that even a stay order will be considered final if the action is effectively over, citing *Gulf Exploration.* The Texas Supreme Court actually distinguished federal practice from that in state court in writing that "[a]rbitrability is often the only issue in federal court because nondiverse parties may prevent removal of the underlying case from state court; in such cases, even a stay order will be considered final if the federal action is effectively over." *See Gulf Exploration,* 289 S.W.3d at 840 (footnotes omitted). Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

Appellees have also filed a response to this court's notice, and they included a motion to dismiss the appeal because the order being appealed is interlocutory. *See* Tex. R. App. P. 42.3(a). Appellees argue that the underlying case was stayed pending arbitration; therefore, the order is interlocutory and not subject to an immediate appeal. Appellees also assert that appellant has raised a number of affirmative claims for relief in his pleadings that have not been resolved. On October 24, 2011, appellant filed a supplemental petition raising new claims, including a challenge to the validity of the attorney's fee agreement and note at the center of the parties' dispute, and requests for fee forfeiture and attorney's fees.

We conclude that the order signed July 27, 2011, is interlocutory, and we lack jurisdiction over this attempted appeal. Appellees' motion to dismiss is granted. Accordingly, the appeal is ordered dismissed. Appellant's motion for extension of time to file his notice of appeal is denied as moot.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

3