Opinion issued August 30, 2012

 In The

 Court of Appeals
 For The

 First District of Texas
 ————————————
 NO. 01-10-00722-CV
 ———————————
 IN RE WÄRTSILÄ NORTH AMERICA, INC., Relator

 Original Proceeding on Petition for Writ of Mandamus

 MEMORANDUM OPINION

 Relator, Wärtsilä North America, Inc., seeks mandamus relief directing the

respondent to withdraw his order granting the motion to compel and to conduct an
evidentiary hearing on certain “gateway” matters and rule on those matters prior to

sending the dispute to arbitration in the future.1

 Mandamus requires the relator to show that (1) the trial court clearly abused

its discretion and (2) the relator has no adequate remedy by appeal. In re Gulf

Exploration, LLC, 289 S.W.3d 836, 842 (Tex. 2009). It is generally unavailable if

the order at issue compels arbitration: even if the relator can meet the first prong of

this test by showing an abuse of discretion, it can rarely meet the second prong. Id.

Indeed, “[i]f a trial court compels arbitration when the parties have not agreed to it,

that error can unquestionably be reviewed by [final] appeal.” Id.

 Although parties may expend time and money if they are ordered to

arbitration improperly, delay and expense—standing alone—will not render the

final appeal inadequate. Id. That rule is especially true when the substance of the

arbitration is a contract claim, because the prevailing party can recover fees and

expenses. Id. The underlying case here involves only contract claims, and no

conflicting legislative mandates are implicated. See id. (identifying rare exception

when mandamus may allow appellate court to give direction to law that would

otherwise prove elusive in appeal from final judgment). In sum, Wärtsilä has not

carried its burden to show that it lacks an adequate remedy by appeal. Compare id.

with In re Sthran, 327 S.W.3d 839, 846 (Tex. App.—Dallas 2010, orig.

1
 The underlying case is cause number 2009-54441, which is pending in the 55th
 District Court of Harris County, Texas, the Hon. Jeff Shadwich presiding.
 2
proceeding) (concluding that relator lacked adequate remedy by appeal when

“legislative mandates might be construed to conflict” and it was “not clear that any

fees and expenses incurred as a result of arbitration [would] be recoverable” in tort

action), and In re Villanueva, 311 S.W.3d 475, 483–84 (Tex. App.—El Paso 2009,

orig. proceeding) (concluding that relator lacked adequate remedy by appeal when

relator would not be able to recover fees and expenses in tort action and, more

compellingly, because case involved “conflicting rulings” which were “significant

rulings in exceptional cases”).

 Therefore, the petition for writ of mandamus is denied.

 PER CURIAM

Panel consists of Justices Higley, Sharp, and Huddle.

 3