

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-14-00076-CV

## IN RE TIMOTHY BRENT CLAIBORNE

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

Timothy Brent Claiborne filed a petition for writ of mandamus requesting this Court to compel the Honorable Judge William Bosworth, the judge of the 413th District Court of Johnson County, to vacate the order denying Claiborne's motion to transfer venue. We conditionally grant the writ.

### Standard of Review

A writ of mandamus properly issues when the relator demonstrates that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 (Tex.2009). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus*

*Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

## Background Facts

The trial court entered a final decree of divorce between Timothy Claiborne and Ruby Claiborne on July 11, 2008. From 2008 to the present, the trial court has considered numerous motions to modify and motions for enforcement filed by the parties. On October 4, 2013, Timothy filed a motion to modify and a motion to transfer venue. On October 28, 2013, Ruby filed an affidavit controverting the motion to transfer venue, and she also filed a motion for enforcement.

## Motion to Transfer

Timothy argues that the trial court erred in denying the motion to transfer venue and that the trial court abused its discretion in failing to conduct a hearing on the facts raised in the controverting affidavit. The Texas Family Code provides for the mandatory transfer of venue:

> (a) On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

> (b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155. 204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

(c) If a suit to modify or a motion to enforce an order is pending at the time a subsequent suit to modify or motion to enforce is filed, the court may transfer the proceeding as provided by Subsection (b) only if the court could have transferred the proceeding at the time the first motion or suit was filed.

TEX. FAMILY CODE ANN. § 155.201 (West 2014). In the motion to transfer venue, Timothy alleges that the child has resided in Tarrant County during the six-month period preceding the commencement of the suit and that venue is proper in Tarrant County pursuant to Section 155.201.

Ruby filed a controverting affidavit contesting the motion to transfer venue stating that her residence is on "the border of Tarrant and Johnson counties." If a controverting affidavit is filed contesting the motion to transfer, the trial court is required to hold hearing on the motion. *See* TEX. FAM. CODE ANN. § 155.204(e) (West 2014). Only evidence pertaining to the transfer may be taken at the hearing. TEX. FAM. CODE ANN. § 155.204(f) (West 2014).

On January 22, 2014, the trial court considered the motion to transfer venue filed by Timothy as well as other motions filed by Ruby. The record indicates that the trial court denied the motion to transfer venue without hearing evidence pertaining to the motion. The trial court did not hear any evidence concerning the residence of the child or concerning the facts alleged in the controverting affidavit before denying the motion to transfer venue. The trial court abused its discretion in failing to conduct a hearing to consider evidence relating to the motion to transfer venue. An order transferring or refusing to transfer the proceeding is not subject to an interlocutory appeal. TEX. FAM.

CODE ANN. § 155.204(h) (West 2014). Therefore, Timothy has no adequate remedy by appeal.

## Conclusion

We conditionally grant Timothy Claiborne's writ of mandamus and direct the trial court to vacate the order denying Claiborne's motion to transfer venue and to conduct a hearing to receive evidence pertaining to the motion to transfer venue. The writ will issue only if the trial court fails to do so.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Writ conditionally granted
Opinion delivered and filed May 8, 2014
[OT06]