

NUMBER 13-17-00619-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ODETTE GITTINS D/B/A MAGIC PHONE,           **Appellant,**

**v.**

METROPCS TEXAS, LLC, JACKSON WIRELESS, LLC,
JAVIER PENA AND JUAN CASTILLO,          **Appellees.**

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

Appellant Odette Gittins d/b/a Magic Phone has attempted to appeal an order signed on October 4, 2017 which granted a motion to compel arbitration and to abate the suit pending arbitration filed by MetroPCS Texas, LLC (MetroPCS). MetroPCS and defendants Javier Pena and Juan Castillo have now filed an opposed motion to dismiss this appeal on grounds that the order subject to review is interlocutory and this Court lacks

jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3. More than ten days have passed since the opposed motion to dismiss was filed and appellant has not filed a response to the motion to dismiss. *See* TEX. R. APP. P. 10.3. We dismiss this appeal for lack of jurisdiction.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if it disposes of all pending parties and claims. *Id.* When an order does not dispose of all pending parties and claims, the order remains interlocutory and unappealable until a final judgment is rendered, unless a statute provides for interlocutory review. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). An order compelling arbitration and staying proceedings pending arbitration does not dispose of all claims and parties. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 840–41 (Tex. 2009) (orig. proceeding).

Here, the arbitration provision at issue states that the Federal Arbitration Act (FAA) applies to the parties' dispute. Under the FAA, an order compelling arbitration and granting a stay is not immediately reviewable. *In re Gulf Exploration, LLC*, 289 S.W.3d at 842; *see* 9 U.S.C.A. § 16(b)(1),(3) (West, Westlaw through P.L. 115–84; 115–86 to 115–89) (providing that an appeal may not be taken from an interlocutory order which grants a stay of any action or which compels arbitration); *see also Chambers v. O'Quinn*, 242 S.W.3d 30, 31 (Tex. 2007) (per curiam). Because such an order is not appealable under the FAA, it is not appealable under Section 51.016 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West, Westlaw through 2017 1st C.S.) (stating that in matters subject to the FAA, an appeal is available only under the same circumstances that an appeal from a federal district court's order

2

would be permitted).   Further, even if the Texas General Arbitration Act (TGAA) were to apply in this case rather than the FAA, an order compelling arbitration under the TGAA is likewise not subject to immediate review.  *In re Gulf Exploration, LLC*, 289 S.W.3d at 842; *Chambers*, 242 S.W.3d at 31; *see* TEX. CIV. PRAC. & REM .CODE ANN. § 171.098(a)(1)-(5)(West, Westlaw through 2017 1st C.S.) (allowing appeals from orders which deny motions to compel arbitration, grant applications to stay arbitration, confirming or denying confirmation of an arbitration award, modifying or correcting an award, and vacating an award without directing a rehearing); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West, Westlaw through 2017 1st C.S.) (providing for statutory interlocutory appeals).   However, an order compelling arbitration may be reviewed by interlocutory appeal if the order also dismisses the underlying litigation because in such cases the order is final rather than interlocutory.   *In re Gulf Exploration, LLC*, 289 S.W.3d at 840.

Here, our review of the clerk's record reveals that no final judgment has been entered in this case.   Appellant is attempting to appeal from the trial court's order, signed on October 4, 2017, which granted MetroPCS's motion to compel arbitration and to abate the litigation, but which did not dismiss the case.   Because the trial court's order compelling arbitration did not also dismiss the case, it is an interlocutory order for which we lack jurisdiction, and we must dismiss this appeal.   *See In re Gulf Exploration*, 289 S.W.3d at 840; *see also Brown v. Horizon Owners Ass'n, Inc.*, No. 04-17-00159-CV, 2017 WL 3159442, at *1 (Tex. App.—San Antonio July 26, 2017, no pet.) (mem. op. per curiam); *Petrolia Group, LLC v. Zimmerman, Axelrad, Meyer, Stern & Wise, PC*, No. 14-16-00468-CV, 2016 WL 3743029, at *1 (Tex. App.—Houston [14th Dist.] July 12, 2016, no pet.) (mem. op. per curiam); *Whitfield v. Big Star Honda*, No. 01-15-00448-CV, 2015

3

WL 7300349, at *1 (Tex. App.—Houston [1st Dist.] Nov. 19, 2015, no pet.) (mem. op. per curiam); *Tice v. El Paso Educ. Initiative, Inc.*, No. 08-13-00014-CV, 2013 WL 1032254, at *1 (Tex. App.—El Paso Mar. 13, 2013, no pet.) (mem. op.).

The Court, having examined and fully considered the documents on file and the opposed motion to dismiss filed by MetroPCS, is of the opinion that we lack jurisdiction over this appeal. The trial court's order compelling arbitration and abating the proceedings pending arbitration is not reviewable by interlocutory appeal. Accordingly, we grant the opposed motion to dismiss this appeal and we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a). The costs of appeal are taxed against appellant. *See id.* R. 42.1(d).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 14th
day of December, 2017.