**DENY; and Opinion Filed December 11, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01373-CV

### IN RE LOUISE KING, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-08-4995**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

Before the Court is real party in interest Paul Bhella's motion to correct or revise memorandum opinion. We grant the motion, withdraw our opinion dated November 21, 2018, and vacate the order of that date. This is now the Court's opinion. In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate its order denying relator's motion to transfer the case and, alternatively, to vacate the order compelling the case to arbitration and vacate the arbitrator's pretrial orders.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). It is generally inappropriate to grant mandamus review of orders compelling arbitration, and parties who believe they are being erroneously compelled to arbitrate when they have not agreed to arbitration have an adequate remedy by appeal after final judgment. *In re Adelphi Group, Ltd.*, No. 05-16-01060-CV, 2016 WL

5266655, at *1 (Tex. App.—Dallas Sept. 22, 2016, orig. proceeding) (citing *In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 & n. 33 (Tex. 2009)). Because the parties have an adequate remedy by appeal, relator is not entitled to mandamus relief. We must deny a petition for mandamus when the relator is not entitled to relief. TEX. R. APP. P. 52.8(a). Accordingly, we deny relator's petition for writ of mandamus.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

181373F.P05