

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-19-00459-CV**

**IN RE JPG WACO HERITAGE, LLC**

_____

**Original Proceeding**

---

**MEMORANDUM  OPINION**

---

JPG Waco Heritage LLC. filed a petition for writ of mandamus to order the trial court to vacate its order compelling arbitration and to enter an order denying the motion to compel arbitration.

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Mid-Century Insurance Company*, 549 S.W.3d 730, 733 (Tex. App. —Waco 2017, orig. proceeding).  In the context of orders compelling arbitration, even if a petitioner can meet the first requirement, mandamus is generally unavailable because it can rarely meet the second.  *In re Gulf*

*Exploration, LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding). If a trial court compels arbitration when the parties have not agreed to it, that error can unquestionably be reviewed by final appeal. *Id*. Both federal and Texas statutes provide for vacating an arbitration award by final appeal if the arbitrators exceeded their powers. *Id*. If appeal is an adequate remedy for an order compelling arbitration, mandamus must be denied. *Id*. Standing alone, delay and expense generally do not render a final appeal inadequate. *Id*.

Because JPG Waco Heritage, LLC has an adequate remedy by appeal, we deny the petition for writ of mandamus.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Petition denied
Opinion delivered and filed February 26, 2020
[OT06]

