**DISMISS and Opinion Filed March 19, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-00314-CV**
_____

**RICKIE PATTON, Appellant**
**V.**
**BARRY JOHNSON AND STEVEN M. JOHNSON, INDIVIDUALLY**
**AND LAW OFFICES OF STEVEN M. JOHNSON, P.C.**
**D/B/A THE JOHNSON LAW FIRM, Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-01668-A**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

On the Court's own motion, we vacate our opinion of November 14, 2019.

The opinion below is now the opinion of the Court.

Rickie Patton appeals from the trial court's February 22, 2019 order granting

the joint motion to compel arbitration filed by Barry Johnson and Steven Johnson

with the Law Offices of Steven M. Johnson d/b/a the Johnson Law Firm (collectively

JLF) and Barry Johnson. Before the Court is JLF and Johnson's motion to dismiss

the appeal.

Patton hired JLF to represent him in a products liability lawsuit concerning an allegedly defective hernia mesh device. They signed an Attorney Representation Agreement (Agreement) that provided that any dispute would be resolved by binding arbitration conducted in Fort Worth. The product liability lawsuit settled. Anticipating that Patton would file a legal malpractice lawsuit against him and JLF, Barry Johnson, a former attorney with the Johnson Law Firm, filed the underlying lawsuit seeking a declaratory judgment as to the parties' rights under the Agreement and attorney's fees. While the lawsuit was pending, JLF initiated an arbitration proceeding against Patton in Fort Worth. The arbitrator dismissed the arbitration after concluding that Patton was not bound by the arbitration provision in the Agreement.

Johnson and JLF then filed a joint motion to compel arbitration in the underlying lawsuit. By order signed on February 22, 2019, the trial court granted the motion and ordered the parties to arbitration. Patton appeals from this order.

Under the Texas Arbitration Act (TAA), a party can appeal an order or judgment that either: (1) denies an application to compel arbitration made under section 171.021, or (2) grants an application to stay arbitration under section 171.023. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1),(2). The TAA does not provide for an interlocutory appeal from an order granting a motion to compel arbitration. Like the TAA, the Federal Arbitration Act does not permit an

interlocutory appeal from an order compelling arbitration. *See* 9 U.S.C. § 16; *Chambers v. O'Quinn*, 242 S.W.3d 30, 31–32 (Tex. 2007).

In their motion to dismiss, Johnson and JLF assert the appealed order granting their motion to compel arbitration is not subject to an interlocutory appeal. In his response, Patton asserts the appealed order effectively disposed of all claims and parties, making the order a final and appealable judgment. By ordering the parties to arbitration, Patton asserts, the trial court awarded the declaratory relief sought. The trial court's order, however, is not a final judgment. Although the order lacks the mandatory stay required by section 171.021(c) of the civil practice and remedies code, it includes none of the hallmarks of finality, nor does it dismiss the case.[1] *See In re Gulf Exploration, LLC,* 289 S.W.3d 836, 840 (Tex. 2009). Moreover, Johnson filed a counterclaim and a cross claim after the order was entered, and thus the order did not encompass those claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (final judgment is one that disposes of all parties and claims).

Alternatively, Patton asserts the order is an appealable interlocutory order because it effectively vacated the prior arbitrator's dismissal of the proceeding after finding that Patton was not bound by the arbitration provision in the Agreement. *See*

---

[1] We observe that Johnson's original petition specifically requested that after the trial court granted his requested declaration and compelled the parties to arbitration, it should "retain jurisdiction to enter judgment upon any award rendered in such arbitration proceedings." Such relief appropriately recognizes that as explained in *Gulf Exploration,* trial courts should typically stay cases in which the parties are compelled to arbitration to allow the trial court to address incidental issues that may arise during the arbitration. *See In re Gulf Exploration, LLC*, 289 S.W.3d at 841.

9 U.S.C. § 16 (a)(1)(E) (an order vacating an arbitration award is subject to an interlocutory appeal). The prior arbitrator, however, dismissed the arbitration without making any award. Thus, there was no award to vacate.

Statutory law does not permit an appeal from an order compelling arbitration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1),(2); 9 U.S.C. § 16. For this reason, we grant appellees' motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

1900314F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICKIE PATTON, Appellant

No. 05-19-00314-CV V.

BARRY JOHNSON AND STEVEN M. JOHNSON, INDIVIDUALLY AND LAW OFFICES OF STEVEN M. JOHNSON, P.C., D/B/A THE JOHNSON LAW FIRM, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-16-01668-A.
Opinion delivered by Chief Justice Burns.
Justices Whitehill and Nowell participating.

We **WITHDRAW** our opinion and **VACATE** our judgment of November 14, 2019. This is now the judgment of the Court. In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee BARRY JOHNSON AND STEVEN M. JOHNSON, INDIVIDUALLY AND LAW OFFICES OF STEVEN M. JOHNSON, P.C., D/B/A THE JOHNSON LAW FIRM recover their costs of this appeal from appellant RICKIE PATTON.

Judgment entered this 19th day of March 2020.