

## NUMBER 13-19-00417-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**MACY'S RETAIL HOLDINGS, INC.,**                                          **Appellant,**

**v.**

**THE FINISH LINE, INC. AND
GREGORIO ROJO,**                                                            **Appellees.**

---

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Macy's Retail Holdings, Inc. (Macy's) appeals the trial court's order compelling arbitration in favor of appellees The Finish Line, Inc. and Gregorio Rojo.[1] By three issues, Macy's argues: (1) the trial court abused its discretion when it refused to

---

[1] Finish Line has not filed a brief to assist us in the resolution of this matter.

compel arbitration of Rojo's claims against Macy's; (2) the trial court refused to apply the theory of agency; and (3) the trial court refused to stay all proceedings pending the completion of arbitration. We dismiss the appeal for lack of jurisdiction.

## I.  BACKGROUND

On March 14, 2010, Rojo applied for employment with Finish Line located within Macy's in La Plaza Mall. According to Finish Line's pleadings, as a condition of employment, Rojo agreed to arbitrate all claims and disputes arising out of his employment with Finish Line. After Macy's Loss Prevention Manager, Armando Martinez, informed Finish Line that Rojo had been caught failing to charge customers for bagged merchandise and unauthorized use of his employee discount, Rojo was fired. On April 12, 2018, Rojo sued Macy's, Finish Line, and Martinez alleging false imprisonment, fraud, and malice under a principal agent relationship.

Finish Line filed an application to compel arbitration. Finish Line asserted that the Federal Arbitration Act (FAA) applied to Rojo's claims and attached Rojo's employment application bearing Rojo's signature, as well as a copy of the arbitration agreement included in Rojo's application file. Rojo responded that although the employment application contained his signature, no agreement to arbitrate exists, he did not have sufficient notice of an arbitration agreement, he never read the agreement or was presented with it, and the agreement contained inconspicuous language. In the alternative, Rojo argued that even assuming arguendo that a valid arbitration agreement exists between Finish Line and himself, his claims were not subject to arbitration because

2

Macy's was not a signatory to the agreement.

Macy's replied, arguing that even though it was not a signatory to the arbitration agreement, it could nonetheless enforce the agreement under an agency theory that Rojo referenced in his original petition. Moreover, Macy's asserted it was a third-party beneficiary of the agreement.

The trial court held a hearing on Finish Line's application to compel arbitration. At the hearing, Finish Line presented evidence that Rojo's claims against it were subject to arbitration. Finish Line produced Rojo's employment file, which contained a signed arbitration agreement. Macy's argued that Rojo's claims against it were also subject to arbitration because of its agency relationship with Finish Line. Rojo responded to Finish Line asserting that no agreement existed because he lacked notice of such an agreement. In response to Macy's agency allegation, Rojo stated that the "allegations and the petition can always be amended based on whatever documents are co-offered by Defense based on whatever relationship there is," and he has "not yet reviewed what sort of relationship that Macy's and Finish Line had under their contractual agreement."

On August 7, 2019, the trial court granted Finish Line's motion to compel arbitration, ordered Rojo to pursue all claims against Finish Line via arbitration, and ordered all claims against Finish Line stayed pending arbitration. The order did not address Rojo's claims against Macy's.

On August 8, 2019, the next day, Macy's filed its "First Amended Original Answer and Affirmative Defenses, and Crossclaims against [Finish Line] Subject to Motion to

Compel Arbitration." On August 9, 2019, two days after the trial court's August 7 order, Macy's filed a motion to modify the arbitration order, or, in the alternative a motion for reconsideration of the arbitration order and motion for expedited consideration. Macy's requested that the trial court "modify its order to specifically state that to the extent [Rojo] seeks to pursue any of his claims contained in this lawsuit against [Finish Line] and [Macy's], he is ordered to do so through arbitration." Macy's also requested the order to state Rojo's claims "against [Finish Line] and [Macy's] are hereby STAYED completely until the completion of the arbitration process."

On August 21, 2019, the trial court held a hearing on Macy's motion. Both parties filed proposed orders, and both parties attended the hearing. The trial court took Macy's motion under advisement. Before the trial court ruled on Macy's motion, Macy's filed this appeal. *See* TEX. CIV. PRAC. & REM CODE ANN. § 51.016 (listing appealable and non-appealable orders regarding arbitration and permitting interlocutory appeal of an order denying application to compel arbitration).

## II.  JURISDICTION

By Macy's first issue, Macy's argues that the trial court "refus[ed] to order Mr. Rojo to arbitrate his claims against Macy's and refus[ed] to stay all proceedings pending completion of arbitration." Rojo asserts that "this Court lacks jurisdiction because the trial court's order is not appealable." We agree with Rojo.

## A.  Applicable Law

The parties contend that the arbitration agreement at issue is governed exclusively

4

by the FAA. Section 51.016 of civil practice and remedies code allows for state court appeals in agreements governed by the FAA. *See id.* Pertinent to this case, a party may appeal (1) an order refusing to stay litigation pending arbitration of its subject matter, (2) denial of a petition to order arbitration, and (3) an order denying an application to compel arbitration. *Id.* § 51.016(a) (incorporating grounds set forth in 9 U.S.C.A. § 16). Pursuant to the FAA, "[t]here can be no immediate appeal of an order compelling arbitration if it stays the underlying case, but there can be an appeal if the underlying case is dismissed," because such a judgment is "final, disposes of all parties and all claims in th[e] case, is appealable, and disposes of th[e] case in the entirety." *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 839 (Tex. 2009) (quoting *Childers v. Advanced Foundation Repair*, 193 S.W.3d 897, 898 (Tex. 2006)). An appeal may not, however, be taken from an interlocutory order (1) granting a stay of any action pending arbitration; (2) directing arbitration to proceed; (3) compelling arbitration; or (4) refusing to enjoin an arbitration. *See* 9 U.S.C.A. § 16; TEX. CIV. PRAC. & REM. CODE ANN. § 51.016.

**B.    Discussion**

First, we note that Macy's did not file an application to compel arbitration of Rojo's claims against it for the trial court to have ruled on, and Macy's is not the applicant for this stay. *See* 9 U.S.C.A. § 3 (stating that the trial court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing *the applicant for the stay* is not in default in proceeding with such arbitration.") (emphasis added). Instead, Finish Line filed an

application to compel arbitration under the FAA and requested a stay of Rojo's claims against Finish Line. Finish Line's motion did not address Rojo's claims against Macy's. Therefore, the purpose of the trial court's order was not to determine whether Macy's was subject to arbitration; its purpose was to rule on Finish Line's motion. On August 7, 2019, the trial court granted Finish Line's application stating the following:

> Came on this day for consideration [Finish Line's] Motion to Compel Arbitration of [Rojo's] Claims and to Stay Litigation. After due consideration of [Finish Line's] Motion, the matters contained therein and arguments of counsel, this Court finds that [Finish Line's] Motion is meritorious and should be in all things GRANTED.
>
> It is therefore ORDERED, ADJUDGED and DECREED that [Finish Line's] Motion to Compel Arbitration of [Rojo's] Claims and Stay Litigation is in all things GRANTED.
>
> It is further ORDERED that to the extent [Rojo] seeks to pursue any of his claims contained in this lawsuit against [Finish Line,] he is ordered to do so through arbitration with the American Arbitration Association.
>
> Additionally, [Rojo's] claims against [Finish Line] are hereby STAYED completely until the completion of the arbitration process.

The trial court considered "Finish Line's Motion to Compel Arbitration of Rojo's claims and to Stay Litigation," expressly granted Finish Line's application to compel arbitration, and stayed the proceedings. The FAA expressly prohibits an appeal from an order compelling arbitration. *See* 9 U.S.C.A. § 16(b) (providing that an appeal may not be taken from an order compelling arbitration to proceed); *In re Gulf Exploration,* 289 S.W.3d at 840 ("Courts may review an order compelling arbitration if the order also dismisses the underlying litigation so it is final rather than interlocutory.").

Nonetheless, Macy's claims the trial court's order is final and appealable because

6

it "is one which at least in part denies an application to compel arbitration." We disagree. There is no language in this order denying, in any part, Macy's application to compel arbitration. Instead, the order specifically granted Finish Line's application for arbitration, compelled arbitration, and unequivocally stayed Rojo's claims against Finish Line pending arbitration. Thus, this order is interlocutory and not appealable. *See* 9 U.S.C.A. § 16(a) (explaining where appeals may be taken), (b) (setting out where appeals may not be taken). Yet, Macy's also argues that the language "in all things granted," is not limited to Rojo's claims against Finish Line and encapsulates all Rojo's claims, including his claims against Macy's: "[n]owhere does [Finish Line's] Motion to Compel limit or qualify this request to simply Mr. Rojo's claims against Finish Line." However, as previously stated, an order compelling arbitration is not appealable unless the cause is dismissed. *See* 9 U.S.C.A. § 16(b).[2]

Macy's asks us to "reverse the ruling of the trial court in refusing to order Mr. Rojo to arbitrate his claims against Macy's." However, the trial court has yet to "refuse" to order arbitration of Rojo's claims against Macy's as it has not ruled on the parties' submitted proposed orders following the hearing on Macy's motion for modification and reconsideration. Because the appealed order does not fall within any of the types of appealable orders identified under the federal statute, we lack jurisdiction over this

---

[2] Macy's uses *Deep Water Slender Wells v. Shell Int'l Exploration & Prod.*, 234 S.W.3d 679, 694 n.9 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) to support this position. However, the Fourteenth Court of Appeals held that the language "in all things GRANTED" includes those "things" asserted in the motion, and nowhere in the application did Finish Line request arbitration of Rojo's claims against Macy's. *See id.*

appeal. *See* Tex. Civ. Prac. & Rem Code Ann. § 51.016.

### III. Conclusion

We dismiss the appeal for lack of jurisdiction.[3]  *See* Tex. R. App. P. 42.3(a).

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of June, 2021.

---

[3] Because we lack jurisdiction, we do not address Macy's remaining issues. *See* Tex. R. App. P. 47.1.