

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00100-CV

IN RE WYATT SERVICES, L.P., RELATOR

ORIGINAL PROCEEDING

April 4, 2014

## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Wyatt Services, L.P. (Wyatt) has filed for a writ of mandamus wherein it asks that we "issue a writ of mandamus directing the Honorable Ana Estevez, [251st] District Court, [Potter] County, Texas, to vacate the order staying this case and compelling arbitration." Wyatt also requests that we instruct the trial court to "finally decide [it's] claims for equitable relief prior to any referral order." We conditionally grant the writ of mandamus in part and deny it in part.

*Background*

Wyatt entered into a contract with Northwest Texas Healthcare System (Northwest) on April 1, 2004, under which agreement Wyatt provided services for indigent healthcare. The initial contract term was five years, and at the expiration of that

1

period, the parties could renegotiate and extend the accord for an additional three years.[1]  Among the many provisions of the accord there also appeared several pertaining to the resolution of contractual disputes.  They provided that:

> 7.18.1 <u>Conciliation and Mediation</u>.  If a dispute among the Parties relating to this Agreement is not resolved within 10 business days from the date that any Party to this Agreement has notified the others that such dispute exists, such dispute shall be submitted jointly for mediation according to the mediation rules of the American Health Lawyers Association Dispute Resolution Committee using a qualified mediator familiar with health care matters. If such representatives are unable to resolve the dispute within 15 days from the date that it is first presented to them, then such dispute shall be referred to binding arbitration. The parties will share the cost of mediation equally.

> 7.18.2 <u>Binding Arbitration</u>.  Any dispute under this Agreement that remains unresolved following efforts to reconcile the dispute shall be submitted to arbitration according to the Arbitration Rules of the American Health Lawyers Association ("AHLA").  Any decision made by the Arbitrator or the Board of Arbitration (as applicable) (either prior to or after the expiration of such 30-day period) shall be final, binding and conclusive on the parties to the arbitration, and each Party to the arbitration shall be entitled to enforce such decision to the fullest extent permitted by law and entered in any court of competent jurisdiction. The fees and expenses of the arbitration process shall be borne by the unsuccessful Party.

> 7.18.3 <u>Equitable Relief</u>.  Nothing in this paragraph is intended to preclude either Party from seeking a claim or claims for equitable relief, including, without limitation, claims for specific performance, a preliminary injunction,

---

[1] The provisions specifying the term and its extension state:

5.1 <u>Term</u>. This Agreement shall be effective as of the Effective Date and shall continue in effect for an initial Term of five (5) years. Upon mutual agreement, this Agreement shall be renewed for three (3) year Subsequent Terms until and through the expiration of the Indigent Care Agreement between [Northwest] and the Amarillo Hospital District, unless earlier terminated as provided in Section 5.2.

and

5.3 <u>Termination After Initial or Subsequent Terms</u>.  Notwithstanding termination provisions as outlined in Paragraph 5.2, the intent of the parties is to have an Agreement that continues through the term of the ICA, allowing for annual renegotiation of financial terms . . . . [T]he Party seeking termination will provide notification to the other Party no less than one hundred and eighty (180) days in advance.  In the event the Termination Event involves the Parties' inability to reach agreement related to financial matters, termination will not occur until the Parties have exhausted the Dispute Resolution process described in this Agreement.

or a temporary restraining order. Once the claims for equitable relief are finally decided, any and all remaining claims shall be submitted to arbitration pursuant to the terms of this agreement, and the Arbitrator shall be bound by the findings and rulings of the court on the claims for equitable relief.

According to the record before us, the agreement was amended on April 1, 2008, and extended to March 31, 2014. As the latter date approached, Wyatt discovered that Northwest intended to forego renewal of the accord. This discovery led it to sue Northwest for breach of contract, specific performance, and injunctive relief. Thereafter, Northwest moved to abate the proceedings and compel arbitration. The trial court convened a hearing upon the motion on February 18, 2014, and, subsequently, signed an order granting the motion to "stay proceedings and compel arbitration." It also "enjoin[ed] [*sua sponte*] the expiration of the . . . Agreement until the earlier of 180 days from November 18, 2013, or a final decision in the . . . Arbitration." The decision caused Wyatt to petition this court for a writ of mandamus directing the trial court to set-aside the February 18th order and allow the equitable claims to be tried before arbitration occurs.

*Authority*

Whether a writ of mandamus should issue depends upon whether 1) the trial court clearly abused its discretion in issuing the order and 2) the petitioner lacks an adequate legal remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). Additionally, a trial court abuses its discretion if it misinterprets or misapplies the law. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642-43 (Tex. 2009) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833 840 (Tex. 1992).

Next, while the law favors arbitration, *E. Tex. Salt Water Disposal Co. v. Werline,* 307 S.W.3d 267, 271 (Tex. 2010), its availability depends upon the existence of a contract mandating it. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). That is, arbitration is a creature of contract. *In re Brown*, No. 07-13-00025, 2013 Tex. App. LEXIS 13816, at *9 (Tex. App.—Amarillo November 7, 2013 orig. proceeding). So, its existence of one's right to pursue the extra-judicial procedure is governed by the terms of the contract purporting to mandate it. More importantly, the party seeking to compel arbitration must establish that the claim involved comes within the scope of the agreement. *See VSR Fin. Serv. v. McLendon*, 409 S.W.3d 817, 827 (Tex. App.—Dallas 2013, no pet.) (stating that a party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and that the claims at issue fall within that agreement's scope).

With the foregoing rules in mind, we return to the contract at issue. That it provided for arbitration is beyond question. Yet, the parties to it expressed that the duty to arbitrate was not "intended to preclude either. . . from seeking a claim or claims for equitable relief, *including, without limitation, claims for specific performance, a preliminary injunction,* or a temporary restraining order." (Emphasis added). According the words within this quotation their plain meaning, *see In re Green Tree Servicing, LLC,* 275 S.W.3d 592, 598 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that the rules applicable to construing contracts apply to construing arbitration clauses; so, we accord the words of the clause their plain meaning), leads us to conclude that despite the arbitration clause, the parties remained free to pursue equitable claims and remedies through the court system. And, when we consider the remaining verbiage

4

contained in paragraph 7.18.3 of the contract at bar, we further conclude that the demands for equitable relief, irrespective of their facial merit, must be "finally decided" first and only then may arbitration proceed.

Wyatt clearly sought equitable relief here. Again, it prayed for specific performance of the contract and injunctive help. So, under the terms of the parties' very own contract they had to be "finally decided" before any other claims could be sent to arbitration. Yet, they were not.[2] Instead, the trial court ordered the parties to go to arbitration while the equitable claims remained unadjudicated. This decision deviated from the law applicable to enforcing the parties' agreement and constituted a clear abuse of discretion.

Next, our Texas Supreme Court has stated that "the balance will generally tilt toward reviewing orders compelling arbitration only on final appeal" rather than through a mandamus proceeding. *In re Gulf Exploration, LLC,* 289 S.W.3d 836, 843 (Tex. 2009); *In re J.W. Res. Exploration & Dev., Inc.,* No. 07-09-00189-CV, 2009 Tex. App. LEXIS 6676, at *6 (Tex. App.—Amarillo August 25, 2009) (orig. proceeding). Yet, it did not foreclose the availability of mandamus relief in all situations where arbitration is compelled. Indeed, it said that whether an appeal is adequate "depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." *In re Gulf Exploration, LLC,* 289 S.W.3d at 842. And, though

---

[2] At the hearing, the trial court indicated its doubt about the viability of the equitable claims by calling them "artfully-pled claims of damages." Yet, the trial judge said "I am ***not denying*** them, because I believe that . . . you would have been entitled to the summary judgment date. But at the summary judgment date, no matter what I did, I am going to do the same injunction." Emphasis added. Nor does the record before us contain a final judgment indicating that the claims were "finally decided." And, if the equitable claims truly are meritless, as proposed by Northwest, they may be susceptible to actual and final disposition through appropriate summary proceedings; however, we are not in a position to so declare where the trial court did not first "finally decide" the matter.

the situation before us does not risk the frustration of legislative policy, *see id.* at 842-43 (wherein the court noted that such a circumstance could authorize the use of review through a mandamus proceeding), it nonetheless implicates unordinary circumstances involving more than the waste of time and money. *See id.* (stating that the waste of time and money in pursuing an appeal after final judgment does not render a final appeal inadequate). Here, the parties intended that the arbitrator be bound by the prior rulings of the trial court in addressing the claims within his bailiwick. In other words, and per the terms of the contract, the arbitrator's discretion to resolve the dispute before him is rather fettered and dependent upon the manner in which the trial court first adjudicates the equitable claims before it. So, allowing the arbitrator to proceed first could frustrate the arbitration itself. It is not inconceivable that a final decision rendered by a trial court on the equitable claims could control and potentially conflict with the arbitrator's decision on related legal (that is, non-equitable) claims.[3] That, in turn, would present the need for further arbitration given that the arbitrator is obligated to abide by the trial court's ruling. And, if one is to add into the mix the time-sensitive nature of the dispute[4] and the nature of the contract,[5] more than the mere risk of wasting time and money are implicated. Thus, it can be said that the decision jeopardizes the policy favoring arbitration since arbitration may not resolve the matter given the need for later, and ultimately controlling, judicial action. At the very least, the arbitrator would benefit

---

[3] If the equitable claims are baseless and "finally decided" to be such, then there is no potential for conflict. But, the trial court has not so held via any final ruling. So, we can only speculate on the matter, which, in turn, leaves open the possibility of potential conflict.

[4] But for the temporary injunction issued by the trial court, the contract was to expire by March 31, 2014. Yet, the temporary injunction itself expires on May 18, 2014.

[5] It involves the provision of medical services to the poor by Wyatt.

by knowing to what findings of fact and conclusions of law, if any, he would have to defer (given the contractual limitations on his authority) in rendering his decision.

The totality of the unique circumstances at bar prevent us from holding that Wyatt has an adequate appellate remedy here. We do not attempt to impugn *In re J.W. Res. Exploration & Dev., Inc. (supra)* or reject *In re Gulf Exploration, LLC (supra)* but rather endeavor to follow their actual principles. Both hold that orders compelling arbitration are seldom subject to review via a mandamus proceeding while neither foreclose the possibility given the presence of extraordinary circumstances. Extraordinary circumstances exist here. And, in view of our holding that the trial court abused its discretion in ordering arbitration to proceed without first adjudicating the equitable claims, Wyatt has shown itself entitled to a writ of mandamus directing the trial court to withdraw the order to arbitrate until it has "finally decided" the pending equitable claims.

As for Wyatt's effort to have us review, through mandamus, the temporary injunction issued by the trial court, we note that such can generally occur through an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a) (4) (West Supp. 2013) (stating that "[a] person may appeal from an interlocutory order of a district court . . . that . . . grants or refuses a temporary injunction. . . ."). Wyatt need not wait for arbitration to occur or the trial court to finally adjudicate the equitable claims before it can cause the matter to be considered. Thus, the relator has an adequate legal remedy, which, in turn, vitiates the propriety of considering the matter through a proceeding for mandamus relief. We would note though that the trial court may care to revisit the matter given our disposition of the arbitration question, however.

Accordingly, we conditionally grant Wyatt's petition for writ of mandamus directing the trial court to withdraw its order compelling arbitration. However, we trust that the trial court will act in accordance with this opinion. Thus, we will issue the appropriate writ of mandamus only if the trial court fails to vacate the order within 15 days of the date of this opinion.[6]

Brian Quinn
Chief Justice

---

[6] We deny Wyatt's Motion for Temporary Relief filed on March 30, 2014, as moot.